UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WEXLER, | Docket No. 1:19-cv-5450 |
| Plaintiff, | |
| - against - | JURY TRIAL DEMANDED |
| OKAYPLAYER.COM LLC | |
| Defendant. | |

# COMPLAINT

Plaintiff David Wexler ("Wexler" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Okayplayer.com LLC ("Okayplayer" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a blue lives matters t-shirt in front of a police car, owned and registered by Wexler, a New York based professional photographer. Accordingly, Wexler seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant reside and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Wexler is a professional photographer in the business of licensing his Photograph to online and print media for a fee having a usual place of business at 15 Sugarwood Lane, Commack, New York 11725.

6. Upon information and belief, Okayplayer is a domestic business corporation duly organized and existing under the laws of the state of New York with a place of business at 281 North 7th Street, Suite 2, Brooklyn, New York 11211. At all times material, hereto, Okayplayer has owned and operated a website at the URL: www.OkayPlayer.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Wexler photographed a blue lives matters t-shirt in front of a police car (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Parisienne then licensed the Photograph to the New York Daily News. The New York Daily News ran an article that featured the Photograph on its web edition entitled *Louisiana will pass 'Blue Lives Matter' bill classifying police attacks as hate crimes*. See: https://www.nydailynews.com/news/national/louisiana-blue-lives-matter-hate-crime-bill-law-article-1.2645125. Wexler's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Wexler is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-058-580.

**B.     Defendant's Infringing Activities**

11. Okayplayer ran an article on the Website entitled *What does New Yorks Blue Lives Matter Bill Mean For Black Lives Matter.* See: http://www.okayplayer.com/news/what-does-new-yorks-blue-lives-matter-bill-mean-for-black-lives-matter.html. The article featured the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit C.

12. Okayplayer did not license the Photograph from Plaintiff for its article, nor did Okayplayer have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST OKAYPLAYER)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Okayplayer infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Okayplayer is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Okayplayer have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST OKAYPLAYER
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

21.     Upon information and belief, in its article on the Website, Okayplayer copied the Photograph from the New York Daily News which contained a gutter credit underneath the Photograph stating "Theodore Wexler" and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22.     The conduct of Okayplayer violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Okayplayer falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Okayplayer intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Okayplayer also knew, or should have known, that such falsification, alteration

and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25. As a result of the wrongful conduct of Okayplayer as alleged herein, Plaintiff is entitled to recover from Okayplayer the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Okayplayer because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Okayplayer statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Okayplayer be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Okayplayer be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 25, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff David Wexler*